Filed 3/10/21  P. v. Ruelas CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br>    Plaintiff and Respondent,<br><br>v.<br><br>DEBORAH ANN RUELAS,<br>    Defendant and Appellant. | A160516<br><br>(City and County of San Francisco<br>Super. Ct. No. SCN231480) |

On June 28, 2019, the San Francisco District Attorney filed an information charging defendant Deborah Ann Ruelas with the following three felony offenses based on a May 3, 2019 incident: (1) assault with force likely to cause great bodily injury (count one) (Pen. Code,[1] § 245, subd. (a)(4)); (2) inflicting injury on an elder person likely to cause great bodily injury (count two) (§ 368, subd. (b)(1)); and (3) assault with a deadly weapon-not a firearm (bottle) (count three) (§ 245, subd. (a)(1)).  The information also included two sentence enhancement allegations: (1) prohibition of probation due to defendant's prior felony convictions; and (2) that at the time of the incident defendant was on probation for a prior felony conviction for

---

[1]    All further unspecified statutory references are to the Penal Code.

1

assault (§§ 1203, subd. (e)(4), 1203k). On July 10, 2019, after a hearing, the trial court denied defendant's request for admission into the court's Mental Health Diversion program.

At a jury trial in September 2019, the jury heard eyewitness testimony and saw a video of the confrontation between defendant and the elder victim. Defendant struck the elder victim in the face with her hand and threw a beer bottle that struck the back side of the elder victim's caretaker. The jury also heard testimony that the elder victim had bruising on the side of her face visible a few days after the assault, but had no other lasting physical effects. The caretaker had shoulder pain for a day but no lasting physical effects. Defendant was acquitted of the three felony counts, but found guilty of lesser included misdemeanors of simple assault (counts one and three)(§ 240) and abuse of an elder person (count two)(§ 368, subd. (b)(1)).

In November 2019, sentencing proceedings were suspended after defendant's trial counsel stated he had a doubt as to defendant's competency. In January 2020, after receipt of forensic reports, the court declared defendant incompetent; she was committed in February to the California Department of State Hospitals to receive "competency training in a locked forensic setting." Several months later, on May 11, 2020, the court declared defendant's competency had been restored based on a report from the jail behavioral health services and both parties' willingness to submit that defendant was competent. The proceedings were reinstated and a date was set for sentencing.

On May 27, 2020, defendant was sentenced on count two (abuse of an elder person) to a term of one year in county jail with credit for time served (resulting in the completion of that term); the sentences on

2

the remaining counts one and three were imposed but stayed pursuant to section 654.  After the court revoked defendant's probation imposed on her prior felony conviction for assault, defendant was sentenced to a concurrent term of two years in state prison, with credit for time served (resulting in the completion of that term), and she was released to parole supervision.  The court imposed a restitution fine of $150, a court operations assessment fee of $40, and a criminal conviction assessment of $30, with all imposed sums stayed pending an ability to pay hearing.

Appellate counsel has filed a brief asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  Appellate counsel has averred defendant was advised of her right to file a supplemental brief, but she has not filed such a brief.  Having independently reviewed the record, we conclude there are no issues that require further briefing and affirm the judgment.

**DISPOSITION**

The judgment is affirmed.

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Wiseman, J.*


*People v. Ruelas*/A160516

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.